UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE L. ROYAL,

                              Plaintiff,

-vs-                                                    Case No.  6:10-cv-36-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.
_____

## MEMORANDUM OF DECISION

Dale L. Royal (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1.  Claimant presents a single issue on appeal: whether the Administrative Law Judge (the "ALJ") erred by failing to properly consider Claimant's diagnoses of obesity, sleep apnea, esophageal spasms, and diabetes at step-two of the sequential evaluation process as required by *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001).  Doc. No. 10 at 1, 13-17.  As a result of such error, Claimant argues the ALJ's residual functional capacity ("RFC") assessment does not include all of Claimant's limitations and the ALJ's final decision. is not supported by substantial evidence.  Doc. No. *Id.*  For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

## I.       BACKGROUND.

Claimant was born on October 7, 1962.  R. 77, 105.  Claimant received a general education diploma ("GED"), and his past work experience includes working as a truck driver for

construction and cement companies from 1991 through 2005. R. 25, 135, 141. On November 13, 2006, Claimant filed an application for benefits alleging an onset of disability as of February 28, 2005. R. 77, 105. Claimant's application for benefits and disability reports alleged disability due to herniated discs in the cervical and thoracic spine, and pain. R. 83, 92, 95, 130-31, 134, 156, 170. In Claimant's disability reports, he denied that any other or new illnesses contributed to his alleged disability. R. 156, 170. At the May 1, 2009 hearing before the ALJ, Claimant stated that he is unable to work due to multiple herniated discs, arthritis of the spine, pain, "[a]nd now I think the doctor I've recently been seeing says I have diabetic neuropathy." R. 27.

## II.   RELEVANT MEDICAL RECORD.[1]

From January 2001 through March 2001, Claimant was treated for chest pain and epigastric pain. R. 190-202. Treatment notes state that Claimant's symptoms were consistent with reflux or anxiety induced pains. R. 200. Diagnostic testing and a gastroduodenoscopy showed minimal findings. R. 192-93, 196, 198-99. On March 15, 2001, Claimant reported that he was doing "much better," and the treatment note states that his chest pain is "probably due to stress." R. 190. In his disability report, Claimant stated that he was being treated with medications for esophagus spasms from January 2001 through November of 2006. R. 137. However, the medical record contains no indication of treatment for esophageal spasms from March 16, 2001 through January 11, 2009. R 190-345, 348-369, 374- 407. Medical records from January 12 and April 22, 2009, from Brevard Health Alliance indicate that Claimant was prescribed one milligram of Lorazepam, once a daily, for esophageal spasms. R. 346, 370-73. Other than refills of Lorazepam, the record contains no other medical records regarding

---

[1] Because Claimant does not challenge the ALJ's findings as to his back problems, the summary of the medical records below will focus on Claimant's obesity, sleep apnea, esophageal spasms, and diabetes.

Claimant's epigastric pain or esophageal spasms.  R. 386-89.  No treating, examining, or non-examining consulting source offered any opinion as to the severity or limiting effects, if any, of Claimant's epigastric pain or esophageal spasms.  R. 190-407.

On November 12, 2008, Claimant was diagnosed with "moderately severe obstructive sleep apnea."   R. 407.   A Continuous Positive Airway Pressure ("CPAP") machine was recommended, and treatment records from February 13, 2009, show that Claimant was using a CPAP.  R. 357, 407.  At the May 1, 2009 hearing, Claimant testified that he was using a CPAP machine and it has helped his sleep apnea, but not his short-term memory problems.  R. 34.  The only other medical records relating to sleep apnea are an October 23, 2008 treatment note from Dr. Garcia wherein he "suspects" Claimant has sleep apnea, and an April 8, 2009 treatment note from Dr. Garcia confirming that Claimant has been diagnosed with sleep apnea.  R. 386-391.  In his April 8, 2009 treatment note, Dr. Garcia opined that due to Claimant's noninsulin-dependent diabetes mellitus controlled by history, hypertension controlled, pain, thoracic disk disease at multiple levels, sleep apnea, cervical disk disease, bilateral upper and lower extremity dysethesia, herbicide exposure, lumbar arthritis, and anxiety, Claimant is "most likely going to be permanent[ly] and total[ly] disabled[ed]." R. 388 (emphasis added).

On December 15, 2008, treatment records from the Brevard Health Alliance state that Claimant has a history of type 2 diabetes, which was diagnosed one week prior.  R. 374. Claimant was placed on Glipizide and oral hypoglycemics were recommended.  R. 374.  On March 30, 2009, Claimant was diagnosed with diabetic peripheral neuropathy, placed on Metformin, and told to diet and lose weight. R. 353-56.   On April 8, 2009, Dr. Garcia stated that Claimant's noninsulin dependent diabetes mellitus was "controlled by his history," and he

recommended that Claimant follow up within his internist for treatment of diabetes.  R. 388.  At the May 1, 2009 hearing, Claimant testified that he was diagnosed with diabetes in December of 2008.  R. 27.  Other than Dr. Garcia, no other treating, examining, or non-examining physician offered an opinion as to the severity or limiting effects, if any, of Claimant's diabetes or diabetes neuropathy.  R. 388.

Claimant is approximately 5'10''.  R. 24.  On March 15, 2001, Claimant weighed 258 pounds.  R. 190.  At the time of the May 1, 2009 hearing, Claimant weighed approximately 265 pound.  R. 24.   On January 12, 2007, Dr. Krishna Vara performed a consultative examination of Claimant.  R. 303-09.  At that time, Claimant weighed 295 pounds and Dr. Vara described Claimant as obese.  R. 303-05.  Dr. Vara's functional assessment and medical source statement provides: "[N]o significant objective findings noted except obesity and subjectively limitation of range of motion of the cervical, thoracic, and lumbar spine.  It is this examiner's opinion that this [C]laimant may function at [a] job that requires, no lifting more than 20 pounds, no prolonged standing, walking, or driving."  R. 306.

In September and October of 2008, Dr. Garcia's treatment notes state that Claimant is markedly overweight.  R. 391, 393.  On January 12, 2009, Claimant weighed 288 pounds.  R. 370.  On February 13, 2009, Claimant weighed 290 pounds and was assessed as morbidly obese.  R. 357-58.  However, on March 30, 2009, treatment notes from the Brevard Health Alliance state that Claimant's morbid obesity had improved.  R. 354.  Dr. Garcia's April 8, 2009 treatment note, which contains the opinion that Claimant was likely going to be totally and permanently disabled, does not list obesity as a basis for that opinion.  R. 388.

## III.   **PROCEEDINGS BELOW.**

Claimant's application was denied initially and upon reconsideration.   R. 77-98. Thereafter, Claimant requested a hearing before an ALJ.  R. 99-100.  On May 1, 2009, a hearing was held before ALJ Irwin Bernstein.  R. 21-39.  Claimant, who was represented by counsel, was the only person to testify at the hearing.  R. 21-39.

On July 10, 2009, the ALJ issued a decision finding Claimant not disabled.  R. 13-20. In his decision, the ALJ made the following findings:

1. The Claimant meets the insured status requirements of the Social Security Act through September 30, 2010;

2. The Claimant has not engaged in substantial gainful activity since February 28, 2005, the alleged onset date;

3. The Claimant has the following severe impairments: 1) Chronic low, thoracic, and cervical spine pain; and 2) Degenerative disc disease (citing 20 CFR 404.1520(c) and 416.920(c));

4. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;

5. After careful consideration of the entire record, [the ALJ] finds that the Claimant has the [RFC] to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 20 CFR 416.967(b);

6. The Claimant has past relevant work as a truck driver and heavy equipment operator;

7. The Claimant was born on October 7, 1962 and was 42 years old, which is defined as an younger individual, on the alleged disability onset date;

8. The Claimant has a GED diploma and is able to communicate in English;

9. The Claimant has past relevant work with job skills that are not readily transferable to another job;

10. Considering the Claimant's age, education, and work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the Claimant can

perform; and

11. Based on an [RFC] for the full range of sedentary work, considering the Claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.21. The Claimant has not been under a disability, as defined in the Social Security Act from February 28, 2005 through the date of this decision.

R. 13-20. Thus, the ALJ determined that the Claimant is not disabled. R. 13-20.

In his decision, the ALJ noted that at step-two of the sequential evaluation process, the regulations require the following:

> [The ALJ] must determine whether the [C]laimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.

R. 14 (citations omitted). The ALJ determined that Claimant has the following severe impairments: chronic low, thoracic, and cervical spine pain; and degenerative disc disease. R. 15. The ALJ stated:

> The medical evidence of record documents the existence of, and medical treatment for, the abovementioned impairments. These impairments result in limitations that significantly affect the [C]laimant's ability to perform basic work activities. As such, the [ALJ] finds these impairments severe.

R. 15. The ALJ noted that Claimant "has also been treated for obesity, sleep apnea, kidney stones, and espohageal [sic] spasms with a negative workup." R. 15. However, the ALJ found that "these impairments do not impact the [C]laimant's ability to perform basic work activities to such an extent that they should be considered severe." R. 16.

The ALJ also noted that when assessing a Claimant's RFC, an ALJ "must consider all of the [C]laimant's impairments, including impairments that are not severe." R. 14. In determining the Claimant's RFC, the ALJ discussed Claimant's sleep apnea, diabetes, including Dr. Garcia's assessment that Claimant's diabetes was "controlled by history," and Claimant's obesity. R. 17-19. Regarding Claimant's sleep apnea, the ALJ accurately reported that in a December 7, 2006 questionnaire Claimant stated that he has sleep apnea although it has not been diagnosed by a doctor. R. 17 (citing R. 131). The ALJ also noted that Dr. Garcia had diagnosed Claimant with sleep apnea. R. 18. The ALJ specifically determined that Claimant's obesity, sleep apnea, and esophageal spasms were not severe impairments, and discussed Claimant's diabetes when assessing Claimant's RFC. R. 15-19. Ultimately, the ALJ determined that Claimant's subjective statements were not credible to the extent they are inconsistent with the ALJ's RFC assessment, and the ALJ provided reasons for his credibility determination. R. 16-19.[2]

Regarding Dr. Garcia's opinion that Claimant is disabled, the ALJ stated:

> The undersigned finds Dr. Garcia's conclusion that the [C]laimant is disabled to carry little weight. Although the [C]laimant does have signs and symptoms of back problems, the [C]laimant has not undergone any treatment other than chiropractic manipulation. It appears the only pain medication the [C]laimant has been prescribed since 2005 was for his kidney stones treatment, and not for his back. There are no recommendations that the [C]laimant's back pain is so severe that he should have corrective surgery. There is no evidence that [C]laimant ever sought any type of treatment to alleviate his symptoms so that he could go back to work full time. In short, the medical evidence of record does not support Dr. Garcia's conclusion. Additionally, the question as whether a person is disabled is an issue reserved for to the Commissioner. Therefore, the undersigned considered the opinion of Dr. Garcia, but did not find substantial evidence to support it.

R. 18. Thus, the ALJ gave little weight to Dr. Garcia's opinion. R. 18.

---

[2] On appeal, the Claimant has not challenged the ALJ's credibility determination. Doc. No. 10.

Regarding Dr. Vara, the ALJ stated:

> The undersigned placed considerable weight in the opinion of Dr. Krishna Vara, M.D., who performed a consultative physical examination of the [C]laimant on January 12, 2007. At that time the [C]laimant was in no acute distress, although he was obese. His blood pressure was 128/78. His pulse of 78 and his respiration rate was 16. The [C]laimant's gate was normal. His range of motion in all major joints was normal and he had a negative straight leg raising. <u>Dr. Vara concluded that he found no significant objective findings except obesity and subjectively limitation of the cervical, thoracic, and lumbar spine. His opinion was that the [C]laimant could function at a job that requires no lifting more than 20 pounds, no prolonged standing, walking, or driving</u>.

R. 19 (emphasis added). Thus, the ALJ gave considerable weight to Dr. Vara's opinion. R. 19. Based on the forgoing, the ALJ determined that Claimant is not disabled. On appeal, Claimant has not challenged the ALJ's decision to give little weight to Dr. Garcia's opinion and to give considerable weight to Dr. Vara's opinion. *See* Doc. No. 10 at 1-17.

After the ALJ's decision, Claimant requested review before the Appeals Council. R. 7-9. On November 13, 2009, the Appeals Council denied Claimant's request for review making the ALJ's decision the final decision of the Commissioner. R. 1-4. Thereafter, Claimant sought review of the Commissioner's final decision in the District Court. Doc. No. 1.

## IV. <u>THE ISSUES</u>.

As mentioned above, the Claimant raises a single, straightforward issue on appeal: whether the ALJ erred by failing to properly consider Claimant's diagnoses of obesity, sleep apnea, esophageal spasms, and diabetes at step-two of the sequential evaluation process as required by by *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001) and *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Doc. No. 10 at 1, 13-17. As a result of

such error, Claimant argues that the ALJ's RFC does not include all of Claimant's limitations and the final decision is not supported by substantial evidence.   Doc. No. 10 at 1, 13-17. Claimant maintains that *Vega*, 265 F.3d at 1219, stands for the proposition that remand is required "where the record contains a diagnosis of a condition that the ALJ failed to consider properly."   Doc. No. 10 at 10, 17.   Claimant argues that the ALJ's statements concerning Claimant's obesity, sleep apnea, diabetes, and esophageal spasms do not satisfy the requirements of *Davis*, 985 F.2d at 534, which require "specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled."   Doc. No. 10 at 13.   Claimant also alleges that the ALJ made a factual mischaracterization of the record when the ALJ stated that Claimant "believes that he has sleep apnea, although it has not been identified by a medical doctor."   R. 17; Doc. No. 10 at 13-14.   Claimant requests that the Court reverse the final decision of the Commissioner and remand for an award of benefits.   Doc. No. 10 at 17.   Alternatively, Claimant requests that the Court reverse and remand the case to the Commissioner for a rehearing as required by *Vega*, 265 F.3d at 1219.

The Commissioner generally maintains that substantial evidence supports the final decision of the Commissioner.   Doc. No. 14 at 3-4.   The Commissioner argues that the ALJ properly considered and assessed Claimant's obesity, sleep apnea, diabetes, and esophageal spasms – individually and in combination, at steps two and three of the sequential evaluation process.   Doc. No. 14 at 7 (citing *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986)). Additionally, the Commissioner asserts that the Claimant failed to demonstrate that his obesity, sleep apnea, diabetes, and esophageal spasms affected his ability to work beyond the limitations

assessed by the ALJ in his RFC.  Doc. No. 14 at 8-10.  Thus, the Commissioner argues that the final decision should be affirmed.

## V.    LEGAL STANDARDS.

### A.    THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id.* (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.    THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

## VI.   ANALYSIS.

Claimant maintains that the ALJ erred at step-two of the sequential evaluation process by failing to properly consider Claimant's diagnoses of obesity, sleep apnea, diabetes, and esophageal spasms. Doc. No. 10 at 1, 13-17. Because of this alleged failure, Claimant maintains that the ALJ failed to properly consider the impairments listed above when determining Claimant's RFC. Doc. No. 10 at 1.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the

meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.  20 CFR § 404.1521.  An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534.

A mere diagnosis is insufficient to establish that an impairment is severe.  *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).  "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *Id*.  A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work

activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987).  However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly.  *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001).  If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled.  If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

In *Farrington v. Astrue*, Case No. 3:09-cv-94-J-TEM, 2010 WL 1252684 at *4 (M.D. Fla. Mar. 29, 2010), the Court explained:

> Articulation of the specific impairments included in the Step 2 finding, while preferable, however, is not essential for an adequate finding under the Regulations. As the Eleventh Circuit has stated, "the ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Council v. Barnhart*, 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987) (stating that the finding of any severe impairment is enough to satisfy the requirement of step two).

*Id*.  Therefore, as long as an ALJ's decision demonstrates consideration of the combined effect of all of a claimant's impairments, and if the ALJ finds a severe impairment at step-two, the ALJ satisfies the requirements of regulations.  *Id*.

In this case the ALJ specifically and accurately stated what the regulations require at step two and when determining RFC.  R. 14.  At step-two the ALJ found that Claimant has severe impairments of chronic low, thoracic, and cervical spine pain, and degenerative disc disease.  R. 15.  The ALJ also found that Claimant "has . . . been treated for obesity, sleep apnea, kidney stones, and [esophageal] spasms with a negative workup," but those impairments "do not impact

the [C]laimant's ability to perform basic work activities to such an extent that they should be considered severe." R. 16. Accordingly, as to Claimant's obesity, sleep apnea, and esophageal spasms, the ALJ specifically considered those impairments at step-two finding them not severe, and considered those impairments again when determining Claimant's RFC.

When determining Claimant's RFC, the ALJ correctly stated that he must "consider all of the [C]laimant's impairments, including impairments that are not severe." R. 14 (citations omitted). Although the ALJ did not discuss Claimant's diagnosis of diabetes or diabetic neuropathy at step-two, the ALJ addressed Claimant's diagnosis of diabetes and diabetic neuropathy when determining Claimant's RFC. R. 17-18. While it would have been preferable for the ALJ to discuss Claimant's diabetes and diabetic neuropathy at step-two, the ALJ clearly considered them in determining Claimant's RFC. *See Council v. Barnhart*, 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004).

Claimant argues that the final decision should be reversed pursuant to *Vega*, 265 F.3d at 1219, because the ALJ failed to properly consider Claimant's condition despite evidence in the record of Claimant's diagnoses of obesity, sleep apnea, diabetes with neuropathy, and esophageal spasms. Doc. No. 10 at 17. In *Vega*, 265 F.3d at 1219, the ALJ failed to make any finding that the claimant suffered from chronic fatigue syndrome ("CFS") and failed to credit her subjective complaints of fatigue due to CFS. *Id.* The Eleventh Circuit stated that the medical record clearly revealed a diagnosis of CFS and "the ALJ should have acknowledged it in his evaluation and discussed why he disregarded it." *Id.* The Eleventh Circuit held that in assessing Vega's RFC, the ALJ did not properly consider the diagnosis of CFS and a remand is warranted

when "an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis." *Id*.

In this case, the ALJ clearly considered Claimant's obesity, sleep apnea, diabetes with neuropathy, and esophageal spasms and their combined effect on her functional ability to work. Thus, unlike *Vega*, the ALJ here specifically considered the above diagnoses in reaching his RFC determination. Moreover, the ALJ specifically addressed and rejected Dr. Garcia's opinion that Claimant is disabled due to noninsulin-dependent diabetes mellitus controlled by history, hypertension controlled, pain, thoracic disk disease at multiple levels, sleep apnea, cervical disk disease, bilateral upper and lower extremity dysethesia, herbicide exposure, lumbar arthritis, and anxiety. R. 388.[3] Accordingly, the Court finds that the ALJ properly considered Claimant's diagnoses of obesity, sleep apnea, diabetes with neuropathy, and esophageal spasms.

Claimant also alleges that the ALJ made a factual mischaracterization of the record when stating that Claimant "believes that he has sleep apnea, although it has not been identified by a medical doctor." R. 17; Doc. No. 10 at 13-14. On December 17, 2006, Claimant stated that he believed he has sleep apnea, but had yet to be diagnosed with it. R. 131. In his decision, the ALJ accurately characterized Claimant's statement, and cited to the record where the statement was made. R. 15. The ALJ also noted in his decision that Claimant had been treated for the diagnosis sleep apnea. R. 15. Accordingly, the ALJ correctly summarized the record evidence regarding Claimant's sleep apnea.

## VII.    CONCLUSION.

Based on the forgoing, the ALJ properly considered and assessed Claimant's obesity,

---

[3] The ALJ rejected Dr. Garcia's opinion because it was not supported by the medical evidence. R. 18. On appeal, Claimant has not challenged the ALJ's decision to give Dr. Garcia's opinion little weight. Doc. No. 10 at 1-17.

sleep apnea, diabetes, and esophageal spasms, individually and in combination.  Accordingly, the final decision of the Commissioner is **AFFIRMED**.  The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

   **DONE** and **ORDERED** in Orlando, Florida on March 21, 2011.

_____
                  GREGORY J. KELLY
          UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Kathleen A. Smith, Esq.
Riley & Smith, P.A.,
P.O. Box 2646
Titusville, FL 32781-2646

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Irwin Bernstein
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 1550 New River Center
200 E. Las Olas Blvd
Ft. Lauderdale, FL 33301

-16-